**CT Corporation**

**Service of Process Transmittal**
04/03/2020
CT Log Number 537492625

**TO:** Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

**RE:** **Process Served in California**

**FOR:** Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cheryl Daniels, Pltf. vs. Target Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV04917 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/03/2020 at 12:44 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/03/2020, Expected Purge Date: 04/08/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case 2:20-cv-03957-JFW-E Document 1-1 Filed 04/30/20 Page 2 of 39 Page ID #:54
Electronically FILED by Superior Court of California, County of Los Angeles on 02/06/2020 02:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk
20STCV04917

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td align="right"><i>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Target Corporation; and DOES 1 through 50, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Cheryl Daniels

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br><br> Stanley Mosk Courthouse; 111 N. Hill St., Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* <br><br> 20STCV04917 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rabin Saidian; 2501 W. Burbank Blvd., Ste. 311, Burbank, CA 91505; Tel: 213 222 8564

| DATE: <br> *(Fecha)* 02/06/2020 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, <br> *(Secretario)* Candis Monroe | Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Target Corporation

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* April 3 2020  11:55 am

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 02/06/2020 02:41 PM R Carter, Executive Officer/Clerk of Court, by C. Mendez, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rabin Saidian (SBN 273359)<br>Saidian & Saidian<br>2501 W. Burbank Blvd., Ste. 311<br>Burbank, CA 91505<br>TELEPHONE NO.: 213 222 8564      FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Cheryl Daniels | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles, Central District
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Cheryl Daniels v. Target Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>20STCV04917 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☑ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/6/2020
Rabin Saidian
_____          ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item **1**, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Cheryl Daniels v. Target Corporation | CASE NUMBER 20STCV04917 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Cheryl Daniels v. Target Corporation | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Cheryl Daniels v. Target Corporation | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Cheryl Daniels v. Target Corporation | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. □ 2. □ 3. □ 4. □ 5. □ 6. □ 7.  □ 8. □  9. □ 10. ☑ 11. | ADDRESS:<br><br>27000 West 120th Street |
|---|---|
| CITY:<br><br>Hawthorne | STATE:<br>CA | ZIP CODE:<br>90250 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 2/6/2020

7 ⊰ 3 フ

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles on 03/04/2020 06:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Mardue, Deputy Clerk
20STCV04917

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Stephen Goorvitch

1  Rabin Saidian (SBN 273359)
   SAIDIAN & SAIDIAN APC
2  2501 W. Burbank Blvd., Suite 311
   Burbank, CA 91505
3  Tel.: (213) 222-8564

4  Attorneys for Plaintiff,
   Cheryl Daniels
5

6  **SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

7  **CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE**

8                                                    ) CASE NO. 20STCV04917
   Cheryl Daniels;                                   )
9                                                    )  [Unlimited Jurisdiction]
                  Plaintiff,                         )
10                                                   )
                                                     ) **COMPLAINT FOR NEGLIGENCE**
11 vs.                                               )
                                                     )
12 Target Corporation; and DOES 1 through 50,        )
   Inclusive.                                        )
13                                                   ) Demand for Jury Trial
                                                     )
14                Defendants.                        )
                                                     )
15                                                   )
                                                     )
16

17

18 Plaintiff allege:

19                          <u>**The Parties**</u>

20 1. Plaintiff Cheryl Daniels is, and at all times herein was, an individual residing in the State of
      California, Count of Los Angeles.
21
22 2. Defendant Target Corporation is, and at all times herein was, a corporation duly organized
      under the laws of the State of Minnesota.
23
24 3. Plaintiff is currently unaware of the true names and capacities of defendants DOES 1 through
      50, and therefore sues these defendants by such fictitious names. Plaintiff will amend this
25    complaint to allege their true names and capacities when ascertained.
26 4. Plaintiff is informed, believes, and thereon alleges that each fictitiously named defendant is
      responsible in some manner for the occurrences herein alleged and the damages caused
27    thereby.
28

                                 COMPLAINT
                                   - 1 -

5. This Court has jurisdiction over this lawsuit pursuant to California Constitution Article VI Section 10, which gives the superior court jurisdiction over all cases except for those given by statute to other courts.

6. Venue is proper because the wrongful acts herein occurred within the jurisdictional area of this Court.

**FIRST CAUSE OF ACTION**
**(BY PLAINTIFFS AND AGAINST DEFENDANTS)**
**NEGLIGENCE**

7. Plaintiff repeats, restates, and incorporates by reference the foregoing paragraphs of the complaint.

8. On December 12, 2019, Plaintiff was a patron at the Target store located at 27000 West 120th Street, Hawthorne, CA 90250 (hereinafter, the "Premises").

9. The Premises were owned and controlled by Defendants Target Corporation and DOES 1 through 100.

10. Unbeknownst to Plaintiff, someone had spilled water inside the Premises.

11. Plaintiff did not see the water and she had no reason to suspect that the floor was wet.

12. Defendants Target Corporation and DOES 1 through 10 had actual and constructive notice of the dangerous condition but failed to either clean it or give Plaintiff reasonable warning that the floor was wet.

13. As a result, Plaintiff fell and sustained severe injuries.

14. Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person (Civil Code § 1714).

15. Defendants breached their duty to Plaintiff in not warning her about the water and in failing to make the Premises reasonably safe.

16. As an actual and proximate result of Defendants' breach of their duty to Plaintiff, Plaintiff was severely injured, in an amount according to proof but more than $25,000.00, the jurisdictional limits of this Court.

//
//

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff seeks:

1. Compensatory damages according to proof;
2. Costs of suit; and
3. Such further relief as the Court may deem just and equitable.

Dated: 2/6/2020                                    SAIDIAN & SAIDIAN, APC

                                                          /S/

                                                   _____
                                                   Rabin Saidian
                                                   Attorney for Plaintiff
                                                   Lori Moore

## **REQUEST FOR JURY TRIAL**

        Plaintiff respectfully requests a jury trial.

Dated: 2/6/2020                                    SAIDIAN & SAIDIAN, APC

                                                          /S/

                                                   _____
                                                   Rabin Saidian
                                                   Attorney for Plaintiff
                                                   Lori Moore

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Stephanie Chum

1
2
3
4            SUPERIOR COURT OF THE STATE OF CALIFORNIA
5                  FOR THE COUNTY OF LOS ANGELES
6
7   IN RE PERSONAL INJURY          ) CASE NO.:
    COURT ("PI COURT") PROCEDURES, )
8   CENTRAL DISTRICT               ) STANDING ORDER RE:  PERSONAL
    (EFFECTIVE APRIL 16, 2018)     ) INJURY PROCEDURES, CENTRAL
9                                  ) DISTRICT
                                   )
10                                 )
                                   )
11  _____)

12
13      **DEPARTMENT:**     **2**     **3**     **4**     **5**     **7**
14        **FINAL STATUS CONFERENCE ("FSC"):**
15
16          • **DATE:** _____ AT 10:00 A.M.
17                      **TRIAL:**
18          • **DATE:** _____ AT 8:30 A.M.
19      **OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**
20
21          • **DATE:** _____ AT 8:30 A.M.

22      TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:
23          Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules
24  of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los
25  Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES
26  THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,
27  ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION
28  PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

                              Page 1 of 8

              Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1.    To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

      A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

      A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

      A7260 Product Liability (not asbestos or toxic/environmental)

      A7210 Medical Malpractice – Physicians & Surgeons

      A7240 Medical Malpractice – Other Professional Health Care Malpractice

      A7250 Premises Liability (e.g., slip and fall)

      A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

      A7220 Other Personal Injury/Property Damage/Wrongful Death

   The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    The Court sets the above dates in this action in the PI Court circled above (Department
2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.    Parties may file documents in person at the filing window on the first floor of the Stanley
6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7    which is available online at www.lacourt.org (link on homepage). Please note that filings are no
8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10   legally incompetent person, or person for whom a conservator has been appointed, requests to
11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15   soon as possible but no later than three years from the date when the complaint is filed.
16   (C.C.P. § 583.210, subd.(a).)   On the OSC re Dismissal date noted above, the PI Court will
17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26   good cause or articulating any reason or justification for the change.   To continue or advance a
27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Page 3 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link).  The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date.  (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7   (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion.  This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.     The PI Courts do not conduct Case Management Conferences.  The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.     Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule

18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.     In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.  Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at www.lacourt.org (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.  California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.  The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.  Parties must participate in an IDC before a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

**Page 5 of 8**

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   IDC.

2       If parties do not stipulate to extend the deadlines, the moving party may file the motion

3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12  requestor must file in the appropriate department and serve an Informal Discovery Conference

13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16  least 10 court days prior to the IDC.

17  15.     Time permitting, the PI Hub Judges may be available to participate in IDCs to try to

18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23  *ex parte*." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*

24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27  relief, the moving party should reserve the earliest available motion hearing date (even if it is

28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

2018-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10 a personal injury case is "complicated" the PI Courts will consider, among other things, the
11 number of pretrial hearings or the complexity of issues presented.

12 18.    Parties opposing a motion to transfer have five court days to file (at the filing window
13 on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14 (using the same LACIV 238 Motion to Transfer form).

15 19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16 Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17 PI Courts will make an independent determination whether to transfer the case or not.

18 **FINAL STATUS CONFERENCE**

19 20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20 Order Re Final Status Conference," which shall be served with the summons and complaint.

21 **JURY FEES**

22 21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23 complaint. (C. C. P. § 631, subds. (b) and (c).)

24 **JURY TRIALS**

25 22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27 will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28 Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2016-SJ-007-00

1   **SANCTIONS**

2   **23.**   The Court has discretion to impose sanctions for any violation of this general order.

3   (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6   Dated: *April 16, 2018*                    

7                                              Debre K. Weintraub

8                                              Supervising Judge of Civil Courts
                                               Los Angeles Superior Court

9

10

11

12

13   .

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 8 of 8

Standing Order Re Personal Injury Procedures, Central District

**FILED**
Superior Court of California
County of Los Angeles

2019-SJ-011-00

**AUG 09 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Anoush Mehitarian

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS (DEPARTMENTS 2, 3, 4A, 4B AND 5 OF THE SPRING STREET COURTHOUSE) | SECOND AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective August 9, 2019) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS April 16, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

## 1.   PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the

1 | deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any
2 | responses thereto, and 5) the Court's ruling.

3 | **3.      EVIDENTIARY EXHIBITS**

4 | The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at
5 | the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,
6 | organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the
7 | witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written
8 | description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties
9 | have a joint signed exhibit list and electronic copies of their respective exhibits, then the
10 | parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit
11 | binders will be required by the assigned trial judge when the trial commences.  In the absence of
12 | either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced
13 | by all parties/counsel at the FSC.

14 | **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15 | The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the
16 | following for inspection at the FSC) the Trial Documents consisting of conformed copies (if
17 | available), tabbed and organized into three-ring binders with a table of contents that includes the
18 | following:

19 |          Tab A:      Trial Briefs (Optional)
20 |          Tab B:      Motions in Limine
21 |          Tab C:      Joint Statement to Be Read to the Jury
22 |          Tab D:      Joint Witness List
23 |          Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested
24 |                       instructions)
25 |          Tab F:      Joint and Contested Jury Instructions
26 |          Tab G:      Joint and/or Contested Verdict Form(s)
27 |          Tab H:      Joint Exhibit List
28 |

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab
B with the opposition papers and reply papers for each motion placed directly behind the moving
papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon
instructions first in order followed by the contested instructions (including special instructions)
submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this
Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary
and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: August 9, 2019

Samantha P. Jessner
Supervising Judge, Civil
Los Angeles Superior Court

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

 **Superior Court of California, County of Los Angeles**

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR)
> ## INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. The Civil Mediation Vendor Resource List
   If all parties agree to mediation, they may contact these organizations to request a Resource List
   Mediation for mediation at reduced cost or no cost (for selected cases)

   • ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   • JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   • Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
     Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR/Res_List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate or small claims cases.

b. Los Angeles County Dispute Resolution Programs
   https://wdacs.lacounty.gov/programs/drp/
   • Small claims (unlawful detainers) (evictions)) and; at the Spring Street Courthouse, limited civil)
     • On the day of trial mediations at the courthouse. No appointment needed.
       free or low-cost mediations before the day of trial.
     • For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the
       day of trial visit:
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-
       EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/06/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ **Candis Monroe** _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV04917 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Stephen I. Goorvitch | 32 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 02/06/2020
(Date)

By Candis Monroe , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/19/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Alexis Munoz _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Cheryl Daniels | |
| DEFENDANT/RESPONDENT:<br>Target Corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV04917 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order, Standing Order re PI Procedures and Hearing Dates upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Rabin Saidian
Saidian & Saidian APC
2501 West Burbank Blvd.
Burbank, CA 91505

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/19/2020

By: _Alexis Munoz_
       Deputy Clerk

**CERTIFICATE OF MAILING**

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

1

2

3

4      SUPERIOR COURT OF THE STATE OF CALIFORNIA

5         FOR THE COUNTY OF LOS ANGELES

6

7    IN RE PERSONAL INJURY          ) CASE NO.: 20STCV04917
     COURT ("PI COURT") PROCEDURES,  )
8    **CENTRAL DISTRICT**            ) STANDING ORDER RE: PERSONAL
     (EFFECTIVE APRIL 16, 2018)      ) INJURY PROCEDURES, CENTRAL
9                                    ) DISTRICT
                                     )
10   _____ )

11

12

13      **DEPARTMENT:** 32  2☐    3☐    4☐    5☐  7☐

14        **FINAL STATUS CONFERENCE ("FSC"):**

15
         • **DATE:** _____07/22/2021_____ **AT 10:00 A.M.**
16

17                    **TRIAL:**

18        • **DATE:** _____08/05/2021_____ **AT 8:30 A.M.**

19      **OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

20
         • **DATE:** _____02/02/2023_____ **AT 8:30 A.M.**
21

22   TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

23     Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules

24   of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los

25   Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

26   THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,

27   ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

28   PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   1.    To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil

2   Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

3       "an unlimited civil case described on the Civil Case Cover Sheet Addendum and

4       Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property

5       Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-

6       Uninsured   Motorist;   Product   Liability   (other   than   asbestos   or

7       toxic/environmental);  Medical  Malpractice-Physicians  &amp;  Surgeons;  Other

8       Professional Health Care Malpractice; Premises Liability; Intentional Bodily

9       Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property

10      Damage/Wrongful Death. An action for intentional infliction of emotional

11      distress, defamation, civil rights/discrimination, or malpractice (other than

12      medical malpractice), is not included in this definition. An action for injury to

13      real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

14      Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if

15   plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

16           A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

17           A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured

18           Motorist

19           A7260 Product Liability (not asbestos or toxic/environmental)

20           A7210 Medical Malpractice – Physicians & Surgeons

21           A7240 Medical Malpractice – Other Professional Health Care Malpractice

22           A7250 Premises Liability (e.g., slip and fall)

23           A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,

24           assault, vandalism etc.)

25           A7220 Other Personal Injury/Property Damage/Wrongful Death

26      The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere

27   in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

28   ///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1       The Court sets the above dates in this action in the PI Court circled above (Department

2   2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3   (C.R.C. Rules 3.714(b)(3), 3.729.)

4   **FILING OF DOCUMENTS**

5   2.    Parties may file documents in person at the filing window on the first floor of the Stanley

6   Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7   which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8   longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9   Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10   legally incompetent person, or person for whom a conservator has been appointed, requests to

11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15   soon as possible but no later than three years from the date when the complaint is filed.

16   (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26   good cause or articulating any reason or justification for the change.  To continue or advance a

27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

1  required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2  LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3  schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4  continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5  date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6  court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7  (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8  following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9  for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion. This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.      The PI Courts do not conduct Case Management Conferences. The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18  3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits. (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.      In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   IDC.

2       If parties do not stipulate to extend the deadlines, the moving party may file the motion
3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5   60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery
6   Responses are heard at 10:00 a.m.   If the IDC is not productive, the moving party may advance
7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.   Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10   www.lacourt.org (link on homepage).   Parties are to meet and confer regarding the available
11   dates in CRS prior to accessing the system.   After reserving the IDC date, the reservation
12   requestor must file in the appropriate department and serve an Informal Discovery Conference
13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14   prior to the conference and attach the CRS reservation receipt as the last page.   The opposing
15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16   least 10 court days prior to the IDC.

17   15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.   Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23   ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*
24   applications or to shorten time to add hearings to their fully booked motion calendars.   The PI
25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26   danger" or threat of "irreparable harm" justifying *ex parte* relief.   Instead of seeking *ex parte*
27   relief, the moving party should reserve the earliest available motion hearing date (even if it is
28   after the scheduled trial date) and should file a motion to continue trial. Parties should also check

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10  a personal injury case is "complicated" the PI Courts will consider, among other things, the
11  number of pretrial hearings or the complexity of issues presented.

12  18.   Parties opposing a motion to transfer have five court days to file (at the filing window
13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14  (using the same LACIV 238 Motion to Transfer form).

15  19.   The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.   Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.   The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the
26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One
27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28  Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: *April 16, 2018*

Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

Page **8** of **8**

Standing Order Re Personal Injury Procedures, Central District

CIV-050

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: 213 222 8564 | FOR COURT USE ONLY |
|---|---|---|
| Rabin Saidian<br>Saidian & Saidian<br>2501 West Burbank Blvd., Ste. 311<br>Burbank, CA 91505 | | |

ATTORNEY FOR *(name)*:  Cheryl Daniels

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  Los Angeles
STREET ADDRESS: 312 N. Spring St
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: Cheryl Daniels
DEFENDANT: Target Corporation

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>20STCV04917 |
|---|---|

To *(name of one defendant only)*: Target Corporation
Plaintiff *(name of one plaintiff only)*: Cheryl Daniels
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. ☑ Pain, suffering, and inconvenience ......................................................... $ 100,000.00

b. ☐ Emotional distress. .............................................................................. $ _____

c. ☐ Loss of consortium ............................................................................. $ _____

d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ......... $ _____

e. ☐ Other *(specify)* ................................................................................ $ _____

f. ☐ Other *(specify)* ................................................................................ $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☑ Medical expenses *(to date)* .............................................................. $ 50,000.00

b. ☑ Future medical expenses *(present value)* ......................................... $ 200,000.00

c. ☑ Loss of earnings *(to date)* ............................................................... $ 30,000.00

d. ☐ Loss of future earning capacity *(present value)* ............................... $ _____

e. ☐ Property damage ............................................................................... $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* ................................ $ _____

g. ☐ Future contributions *(present value) (wrongful death actions only)* ...... $ _____

h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ...... $ _____

i. ☐ Other *(specify)* ................................................................................ $ _____

j. ☐ Other *(specify)* ................................................................................ $ _____

k. ☐ Continued on Attachment 2.k.

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date: 3/30/2020

Rabin Saidian
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007] | **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | Code of Civil Procedure, §§ 425.11, 425.115<br>www.courtinfo.ca.gov |
|---|---|---|

CIV-050

| PLAINTIFF: Cheryl Daniels | CASE NUMBER: |
| DEFENDANT: Target Corporation | 20STCV04917 |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☑ Statement of Damages ☐ Other *(specify):*

   b. on *(name):* Target Corporation
   c. by serving ☐ defendant ☑ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
       (1) date:
       (2) time:
       (3) address: 818 West 7th St., Suite 930, Los Angeles, CA (CT Corpn. System, Agent for Process)

   e. ☐ by mailing
       (1) date:
       (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
       ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
          (SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
          (SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**