Electronically FILED by Superior Court of California, County of Los Angeles on 04/22/2020 12:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez, Deputy Clerk

DAVID G. HALM, ESQ., SBN: 179957
   David.halm@qpwblaw.com
MARAL N. MEHRABIAN, ESQ., SBN: 322119
   Maral.Mehrabian@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, California 91203

Telephone: 213.486.0048
Facsimile: 213.486.0049

Attorneys for Defendant, TARGET CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CHERYL DANIELS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a business entity [sic]; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 20STCV04917<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Action Filed:   February 6, 2020<br>Trial Date:       August 5, 2021 |

Defendant TARGET CORPORATION ("Defendant") hereby answers the unverified Complaint for Damages and Personal Injuries ("Complaint") filed by Plaintiff CHERYL DANIELS ("Plaintiff").

## GENERAL AND SPECIFIC DENIALS

1.  Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2. The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Accidental or Unavoidable Injury)

3. The Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the accident.

## THIRD AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

4. Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiffs should be barred or reduced according to law, up to and including the whole thereof.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

5. The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

6. Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to her negligence and fault.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

8. Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Others to Exercise Reasonable Care)

9. If Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

10. The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

11. Plaintiff's failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

12. The Complaint, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

13. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

14. Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Particularity)

15. The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant of the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

16. The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff lacks standing.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Obvious Danger)

17. Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care,

caution, or prudence for Plaintiff's safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff was proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reimbursement)

18. Defendant alleges that any reimbursement, from whatever source, to Plaintiff of the alleged damages must be applied against any liability of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

19. The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Several Liability for Non-Economic Damages)

20. If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2. Therefore, Defendant requests a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

21. The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty)

22. Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

23. The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Willful Misconduct)

24. Defendant alleges that if Plaintiff was injured and/or damaged as set forth in the Complaint, or in any other way, sum or manner, or at all, then said injuries and/or damages and the whole thereof, proximately and concurrently resulted from and were caused, in whole or in part, by the willful and serious misconduct on the part of the Plaintiff with regard to each and every activity at the times and places mentioned in the Complaint and all times relevant thereto.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Acts of Fictitiously Named Cross-Defendants)

25. This answering Defendant is not legally responsible for the acts and/or omissions of those defendants fictitiously named herein as Does 1 through 100.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Act of God)

26. Any and all events, happenings, injuries and damages, if any, as alleged in the complaint, were a direct result of an unforeseeable act of God.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Set-Off to Recovery)

27. This answering Defendant is entitled to a set-off as a result of any recovery made by Plaintiff from any other party, in connection with the damages claimed in this lawsuit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Not an Agent, Servant or Representative)

28. This answering Defendant neither was, nor is, at any time material to the complaint in issue, an agent, servant, representative, employee, partner or joint-venturer with any of the other defendants named herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

29. By virtue of Plaintiff's unlawful, immoral, careless, negligent, and/or other wrongful conduct, Plaintiff should be barred from recovering against this answering Defendant by the equitable doctrine of unclean hands.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Damages Caused by Acts or Omissions Beyond Defendant's Control)

30. The damages sustained by Plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud, and/or breach of obligations by persons other than Defendant and beyond Defendant's supervision and control.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Dangerous Condition)

31. There was no dangerous condition which caused Plaintiff to injure herself.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Defenses)

32. Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of

action;

3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: April 22, 2020

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: _____
DAVID G. HALM
MARAL N. MEHRABIAN
Attorneys for Defendant,
TARGET CORPORATION

8
DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED: April 22, 2020

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: _____
DAVID G. HALM
MARAL N. MEHRABIAN
Attorneys for Defendant,
TARGET CORPORATION

# PROOF OF SERVICE

*Cheryl Daniels v. Target Corporation*
Los Angeles County Superior Court Case No.: 20STCV04917

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 500 N. Brand Boulevard, Suite 1650, Glendale, California 91203.

On April 22, 2020, I served the following document described as **DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the following persons at the following address:

## SEE ATTACHED SERVICE LIST

[x] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

[ ] **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 486-0049. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

[ ] **BY ELECTRONIC SERVICE:** I caused the above-entitled document(s) to be served via E-mail to the E-mail addresses on the attached Service List.

[ ] **BY MESSENGER SERVICE**: I delivered said document(s) to a professional messenger service for service by hand delivery to the addressee(s) on the attached Service List.

[x] **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 22, 2020, at Glendale, California.

_____

## SERVICE LIST

*Cheryl Daniels v. Target Corporation*
Los Angeles County Superior Court Case No.: 20STCV04917

| | |
|---|---|
| Rabin Saidian, Esq.<br>SAIDIAN & SAIDIAN<br>2501 W. Burbank Blvd., Suite 311<br>Burbank, CA 91505<br>T: (213) 222-8564 | Attorney for Plaintiff<br>CHERYL DANIELS |

DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL